UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
WALTER IWACHIW, on behalf of himself and
JOSEFA IWACHIW, deceased,

                        Plaintiff,

       -against-

CITY OF NEW YORK, MAYOR MICHAEL
BLOOMBERG, NYC FDNY, NYC EMS, NYC
DEPARTMENT OF SANITATION, NYC
DEPARTMENT OF TRANSPORTATION, NYC
DEPARTMENT OF ENVIRONMENTAL
PROTECTION, NYC DEPARTMENT OF PARKS
AND RECREATION, NYPD, NYC OFFICE OF
EMERGENCY MANAGEMENT, NYC DEPT.
OF SOCIAL SERVICES, NYC DEPT. OF AGING,
SUNNYSIDE COMMUNITY SERVICES, INC.,
IRA GREENBERG, MTA, MT. SINAI ELMHURST,
MT. SINAI ELMHURST FACILITY PRACTICE,
ASSEMBLYWOMAN CATHERINE NOLAN,
PAUL KERSON, MARC LEAVITT, NYC HHC,
ELMHURST HOSPITAL, VISITING NURSE SERVICE,
JOE DOE, MARY DOE, JOHN DOE, PAUL DOE,
ACORPORATE DOE, BCORPORATE DOE, GARY
DOE, DR. AL DOE, DR. BEN DOE, NURSE ANN DOE,
DR. SUNIL MEHRA, MD., NYS DOH, DR. SHAH,

                       Defendants.
----------------------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-2987(SJF)(SIL)

**FILED**
**CLERK**
6/3/2015 1:09 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

      On or about January 2, 2014, plaintiff Walter Iwachiw ("Walter" or "plaintiff") commenced this action, purportedly on behalf of himself and Josefa Iwachiw ("Josefa"), who is alleged to have died on January 1, 2011, against defendants City of New York ("NYC" or "the City"), Mayor Michael Bloomberg, the "NYC FDNY," the "NYC EMS," the NYC Department of Sanitation, the NYC Department of Transportation, the NYC Department of Environmental Protection, the NYC Department of Parks and Recreation, the "NYPD," the NYC Office of

Emergency Management, the "NYC Dept. of Social Services," the "NYC Dept. of Aging," Sunnyside Community Services, Inc., Ira Greenberg, the "MTA," Mt. Sinai Elmhurst, Mt. Sinai Elmhurst Facility Practice, Assemblywoman Catherine Nolan, Paul Kerson, Marc Leavitt, "NYC HHC," Elmhurst Hospital, Visiting Nurse Service, "Joe Doe," "Mary Doe," "John Doe," "Paul Doe," "Acorporate Doe," "Bcorporate Doe," "Gary Doe," "Dr. Al Doe," "Dr. Ben Doe," "Nurse Ann Doe," Dr. Sunil Mehra, MD, the "NYS DOH," and Dr. Shah (collectively, "defendants") in the Supreme Court of the State of New York, County of New York ("the state court"), seeking, *inter alia*, damages in the amount of "$11.4 billion\trillion dollars with interest" for defendants' alleged participation in the wrongful death of Josefa. (*See* Docket Entry 1-2.) On May 14, 2015, plaintiff, acting *pro se*, filed: (1) a Notice of Removal removing the action to this Court pursuant to 28 U.S.C. § 1441(a) on the basis that this Court has original jurisdiction under 28 U.S.C. § 1331 because it concerns, *inter alia*, Medicare fraud; and (2) an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his application to proceed *in forma pauperis*, qualifies him to commence this action in this Court without prepayment of the filing fee, see 28 U.S.C. §§ 1914 and 1915(a), the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the action is remanded to the state court pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

1. The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), " . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division

embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Similarly, 28 U.S.C. § 1446(a) sets forth the procedure for removal to be followed by "[a] defendant or defendants desiring to remove any civil action from a State court" to a federal court. "[S]tatutory procedures for removal are to be strictly construed, . . . because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (quotations and citations omitted); accord In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (quotations and citation omitted).

Iwachiw, who is a *plaintiff* in this case, seeks to remove his action to this Court more than one year after it was filed in the state court. However, it is axiomatic that only defendants, not plaintiffs, may remove an action from state court to federal court. See Gehm v. New York Life Ins. Co., 992 F.Supp. 209, 210 (E.D.N.Y. 1998) (citing cases); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 105, 61 S.Ct. 868. 85 L. Ed. 2d 1214 (1941) (holding that the removal privilege is limited to defendants only). Thus, regardless of whether plaintiff's notice of removal invokes a federal question, the fact of the matter remains that plaintiff filed his complaint under state law and in state court and there is no basis in law for plaintiff's attempt to remove this action to federal court more than a year later. Accordingly, this action is remanded to the state court pursuant to 42 U.S.C. § 1447(c). See, e.g. Allfour v. Bono, No. 11-cv-1619, 2011 WL 2470742, at * 1 (E.D.N.Y, May 5, 2011), report and recommendation adopted by 2011 WL 2470734 (E.D.N.Y. June 22, 2011) (holding that in this circuit, a procedural defect, by itself,

3

would authorize a *sua sponte* remand within thirty [30] days after the filing of the notice of removal); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to *sua sponte* remand actions to state court for defects in removal procedure within thirty [30] days after the filing of the notice of removal).

Remand to the state court is also appropriate because Iwachiw, who has a long history of frivolous litigation in this Court, has been "enjoined from bringing any future proceedings in the Eastern District of New York without prior permission of this Court[,]" see Iwachiw v. New York State Dept. of Motor Vehicles, et al., 02-CV-6699(ADS)(WDW), Document No. 30 at 4, and he did not seek, and was never granted, permission to bring this action in this Court prior to filing his Notice of Removal. Accordingly, this action is remanded to the state court pursuant to 42 U.S.C. § 1447(c). The Clerk of the Court shall: (1) mail a certified copy of this Order to the clerk of the Supreme Court of the State of New York, County of New York pursuant to 42 U.S.C. § 1447(c); (2) close this case; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**  /s/
Sandra J. Feuerstein
United States District Judge

Dated: June 3, 2015
Central Islip, New York